IN THE UNITED STATES COURT FOR FEDERAL CLAIMS

| | | |
|---|---|---|
| IAT REINSURANCE COMPANY LTD., | ) | |
| | ) | No. 13-282 T |
| Plaintiff, | ) | (Judge Susan G. Braden) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

# ANSWER

Defendant, the United States, submits the following objections and answers to the complaint. Defendant objects to the complaint as violating the requirement of RCFC 8(a) that a claim for relief must contain "a short and plain statement of the claim." Subject to and without waiving its objection, defendant further responds to the complaint and denies each allegation in the complaint (including the introductory allegations and arguments on pages 1 and 2 of the complaint) that is not expressly admitted or otherwise addressed below.[1]

1. With respect to the allegations in paragraph 1 of the complaint, defendant admits that this is an action to recover federal income tax and interest for the following four taxable periods: (1) the tax period beginning January 1, 2000, and ending December 31, 2000 (hereinafter the "tax period ended December 31, 2000"); (2) the short one-day tax period of January 1, 2001 (hereinafter the "tax period ended January 31, 2001"[2]); (3) the short tax period

---

[1] Unless otherwise noted, all "Section" references refer to the Internal Revenue Code of 1986 (26 U.S.C.), as amended.

[2] IRS computer systems do not have the capability of designating a single-day tax year; therefore, the January 1, 2001, tax period is designated in the IRS's computer system as the tax (continued...)

beginning January 2, 2001, and ending December 31, 2001 (hereinafter the "tax period ended December 31, 2001"); and (4) the tax period beginning January 1, 2003, and ending December 31, 2003 (hereinafter the "tax period ended December 31, 2003").

2. Admitted.

3. Admits that jurisdiction, if it exists in this case, is conferred by 28 U.S.C. § 1491.

4. Admits that, in 1991, IAT Syndicate, Inc., applied for and was conditionally granted tax exempt status as an insurance company under Section 501(c)(15). States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 of the complaint.

5. Admits that, in 1992, plaintiff applied for tax exempt status as an insurance company under Section 501(c)(15). States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5 of the complaint.

6. Admits that, in February 1993, plaintiff's application for tax exempt status as an insurance company under Section 501(c)(15) was granted conditionally. Avers that the IRS's determination to grant tax exempt status was based on information supplied by plaintiff and on the assumption that plaintiff's operations would be as represented. Further avers that plaintiff was required to inform the IRS if its sources of support, its purposes, its character, or its method of operations changed so that the IRS could evaluate the effect of the change on plaintiff's tax

---

(… continued)
period ended January 31, 2001, even though that tax period actually consists only of the single day, January 1, 2001.

exempt status. States that the final sentence in paragraph 6 of the complaint expresses only conclusions of law that require no response.

7. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the complaint, except admits that, prior to the tax periods at issue, plaintiff had made a Section 953(d) election to be treated as a domestic corporation for federal tax purposes.

8. Denies the allegations in paragraph 8 of the complaint, except states that it currently lacks knowledge or information sufficient to form a belief about whether plaintiff was authorized to re-elect to be taxed as a domestic corporation effective January 1, 2002.

9. Denied.

10-18. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 10-18 of the complaint.

19. Denied.

20. Denied.

21. Denied.

22. Admits that the IRS initiated an audit of plaintiff, but avers that the audit was initiated in 2003. States that the taxpayer confidentiality provisions of Section 6103 prohibit a response to the allegation in paragraph 22 of the complaint regarding the purported audits of other unidentified taxpayers.

23. Admits that IRS agents conducting plaintiff's audit requested technical advice, in the form of a Technical Advice Memorandum (TAM), in connection with the audit of plaintiff. Denies the remaining allegations in paragraph 23 of the complaint, including plaintiff's characterizations of the nature and purpose of the TAM request.

24. Admits that a TAM was issued in connection with plaintiff's audit, but denies plaintiff's characterizations of the TAM in paragraph 24 of the complaint. Avers that the TAM concluded, among other things, that plaintiff was not an insurance company for federal tax purposes during 2000 and 2001; that plaintiff therefore did not qualify as a tax exempt insurance company under Section 501(c)(15) for tax years beginning on or after January 1, 2000; and that plaintiff's election under Section 953(d) to be treated as a domestic corporation for federal tax purposes was therefore revoked effective January 1, 2001.

25. Admits that the IRS determined that a corporation related to plaintiff, SLK Reinsurance Company, Ltd. (SLK), also was not an insurance company for federal tax purposes during 2000 and 2001 and therefore did not qualify for exempt status as an insurance company under Section 501(c)(15) or to elect to be treated as a domestic corporation for federal tax purposes effective January 1, 2001.

26. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the complaint, except denies plaintiff's characterizations of the IRS's administrative position in the third sentence and denies that the IRS ever determined whether plaintiff was an insurance company for federal tax purposes for tax periods beginning after December 31, 2001.

27. Admits that, in accordance with the TAM's conclusion that plaintiff was not an insurance company for federal tax purposes during 2000 and 2001, the IRS issued to plaintiff on July 31, 2008, an adverse determination letter that plaintiff did not qualify as an insurance company under Section 501(c)(15) for taxable periods beginning on or after January 1, 2000. Denies the remaining allegations in paragraph 27 of the complaint, including plaintiff's characterizations of the TAM, which speaks for itself.

28. Admits the allegations in paragraph 28 of the complaint, except states that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegation that plaintiff's protest was "timely filed," and avers that the IRS's proposed adjustments in the September 5, 2008, letter were for plaintiff's tax periods ended December 31, 2000; January 31, 2001; and December 31, 2001.

29. Admits the allegations in the first sentence of paragraph 29 of the complaint and states that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29.

30. Admits that the IRS Appeals Office's authority to reconsider issues decided in the TAM was limited by applicable law, but otherwise denies the allegations in paragraph 30 of the complaint and the implied allegation that IAT was denied any administrative or due process rights. Avers that IAT fully availed itself of all the procedures provided to taxpayers in IRS Revenue Procedure 2004-5, 2004-1 C.B. 167, to present its case prior to issuance of the TAM, including conferences with and written submissions to the decision makers.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Admits that plaintiff seeks a tax refund. Denies plaintiff has overpaid tax or interest or is entitled to a refund.

37. Denies the allegations in paragraph 37 of the complaint with respect to plaintiff's refund claim for the period ended December 31, 2001, and avers that the IRS issued a formal

notice of disallowance of that claim on February 8, 2013. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 37 of the complaint.

38. Admits that the IRS issued a formal notice of disallowance of IAT's refund claim for the period ended December 31, 2001, and states that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38 of the complaint.

39. Paragraph 39 of the complaint expresses only legal conclusions to which no response is necessary.

40. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the complaint.

41. Admits that plaintiff filed a Form 990 return for the tax year 2000; states that it currently lacks knowledge or information sufficient to form a belief about whether plaintiff reported on the return all of its income, expenses, assets, liabilities, and activities; and denies the remaining allegations in paragraph 41 of the complaint.

42. Admits that plaintiff filed a Form 990-T return for the tax year 2000; states that it currently lacks knowledge or information sufficient to form a belief about whether plaintiff reported on the return unrelated business income, expenses, and activities; and denies the remaining allegations in paragraph 42 of the complaint.

43. Denied.

44. Admitted.

45. Admitted.

46. Admits that, on December 24, 2008, an IRS agent prepared a substitute for return for plaintiff's tax period ended December 31, 2000, pursuant to the provisions of Section 6020(b). States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 46 of the complaint.

47. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the complaint.

48. Admits plaintiff made a payment of $48,579,645.64 in June 2011 with respect to its tax period ended December 31, 2000. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 48 of the complaint.

49. Admits the allegations in paragraph 49 of the complaint, except states that it currently lacks knowledge or information sufficient to form a belief about when the refund claim was executed and whether the Exhibit B attached to the complaint is a correct copy of the refund claim filed with the IRS and states that whether the refund claim was timely filed is a legal conclusion that requires no response.

50. Admits the allegations in paragraph 50 of the complaint, except states that it currently lacks knowledge or information sufficient to form a belief about when the refund claim was executed and whether the Exhibit B attached to the complaint is a correct copy of the refund claim filed with the IRS and states that whether the refund claim was timely filed is a legal conclusion that requires no response.

51. Admits that the IRS received supplemental information regarding plaintiff's refund claim by letter dated April 17, 2012. States that it currently lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 51 of the complaint.

52. Admits the allegations contained in the first sentence and denies the allegations contained in the second sentence of paragraph 52 of the complaint.

53. Admits that plaintiff filed a Form 990 return for the purported tax period beginning January 1, 2001, and ending November 30, 2001, but denies that this purported tax period is a proper reporting period of plaintiff for federal tax purposes; states that it currently lacks knowledge or information sufficient to form a belief about whether plaintiff reported on the return all of its income, expenses, assets, liabilities, and activities; and denies the remaining allegations in paragraph 53 of the complaint.

54. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 of the complaint.

55. Admits that the name, address, and identification number appearing on plaintiff's Form 990 return filed for the purported tax year beginning January 1, 2001, and ending November 30, 2001, are as alleged in paragraph 55 of the complaint, but denies that this purported tax period is a proper reporting period of plaintiff for federal tax purposes. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55 of the complaint.

56. Denied.

57. Admits that plaintiff's Form 990 return for the purported tax year beginning January 1, 2001, and ending November 30, 2001, was filed with the IRS Service Center in Ogden, Utah, but denies that this purported tax period is a proper reporting period of plaintiff for

federal tax purposes. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 57 of the complaint.

58. Denies the allegations in paragraph 58 of the complaint and denies that the purported tax period beginning December 1, 2001, and ending December 31, 2001, was a proper reporting period of plaintiff for federal income tax purposes.

59. Admits that the name and identification number appearing on plaintiff's Form 1120-PC return for the purported tax year beginning December 1, 2001, and ending December 31, 2001, are as alleged in paragraph 59 of the complaint, but denies that the street address reflected on the return is exactly as alleged and denies that this purported tax period is a proper reporting period of plaintiff for federal tax purposes.

60. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the complaint.

61. Admits that, on December 24, 2008, an IRS agent prepared a substitute for return for plaintiff for the tax period ended January 31, 2001, which is actually a taxable period of one day, January 1, 2001. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 61 of the complaint.

62. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 of the complaint.

63. Admits plaintiff made a payment of $60,000,000.00 in July 2011 for its tax period ended January 31, 2001. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 63 of the complaint.

64. Admits the allegations in paragraph 64 of the complaint, except states that it currently lacks knowledge or information sufficient to form a belief about when the refund claim

was executed and whether the Exhibit D attached to the complaint is a correct copy of the refund claim filed with the IRS and states that whether the refund claim was timely filed is a legal conclusion that requires no response.

65. Admits the allegations in paragraph 65 of the complaint, except states that it currently lacks knowledge or information sufficient to form a belief about when the refund claim was executed and whether the Exhibit D attached to the complaint is a correct copy of the refund claim filed with the IRS and states that whether the refund claim was timely filed is a legal conclusion that requires no response.

66. Admits that the IRS received supplemental information regarding plaintiff's administrative refund claim by letter dated April 17, 2012. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 66 of the complaint.

67. Admits the allegations contained in the first sentence and denies the allegations contained in the second sentence of paragraph 67 of the complaint.

68. Denies that an IRS agent prepared a substitute for return for plaintiff's taxable period ended December 31, 2001, but admits that the IRS made adjustments to the corporate return filed by plaintiff for the period ended December 31, 2001. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 68 of the complaint.

69. Admits the allegations in the first sentence of paragraph 69 of the complaint. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 69.

70. Admits the allegations in paragraph 70 of the complaint, except states that it currently lacks knowledge or information sufficient to form a belief about when the refund claim was executed and whether the Exhibit F attached to the complaint is a correct copy of the refund claim filed with the IRS and states that whether the refund claim was timely filed is a legal conclusion that requires no response.

71. Admits the allegations in the first sentence of paragraph 71 of the complaint. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 71.

72. Admits that plaintiff filed a Form 1120 (not Form 1120-PC) for the tax period ended December 31, 2002, and denies the remaining allegations in paragraph 72 of the complaint.

73. Admits that plaintiff and subsidiaries filed a Form 1120-PC consolidated return for the tax period ended December 31, 2003, and denies the remaining allegations in paragraph 73 of the complaint.

74. Admits that the identification number appearing on the returns is as alleged in paragraph 74 of the complaint and denies the remaining allegations in paragraph 74.

75. Denies that plaintiff filed a Form 1120-PC for the 2002 tax year, avers that the form filed was Form 1120, but otherwise admits the allegations in paragraph 75 of the complaint.

76. Admitted.

77. Admits that plaintiff made a payment of $351,883.94 in October 2011 for its 2003 tax year. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 77 of the complaint.

78. Admits that IRS transcripts for plaintiff's tax period ended December 31, 2003, reflect that an amended return was received on or about March 26, 2012, and states that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 78 of the complaint.

79. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 of the complaint.

80. Admits that the IRS internally designated the additional identification number for plaintiff that is alleged in paragraph 80 of the complaint. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 80.

81. Denies the allegations in the first sentence of paragraph 81 of the complaint and denies that plaintiff was a valid tax-exempt insurance company under Section 501(c)(15) during the tax periods at issue. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 81 of the complaint.

82. Denied.

83-171. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 83 through 171 of the complaint, but denies all implied allegations in those paragraphs that plaintiff was a valid tax-exempt insurance company under Section 501(c)(15) during the tax periods at issue.

172. Denied.

173. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 173 of the complaint.

174. Denied.

175. Denied.

176. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176 of the complaint.

177. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 177 of the complaint.

178. Admits that, in 1991, IAT Syndicated filed, on Form 1024, an application for tax exempt status under Section 501(c)(15). Denies plaintiff's characterizations of IAT Syndicate, Inc.'s application for tax exempt status in paragraph 178 of the complaint and avers that the application speaks for itself.

179-184. Denies the allegations in paragraphs 179 through 184 of the complaint, which consist solely of plaintiff's characterizations of IAT Syndicate, Inc.'s application for tax exempt status, and avers that the application speaks for itself.

185-187. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 185 through 187 of the complaint.

188. Admits only that, in 1991, IAT Syndicate, Inc.'s application for tax exempt status under Section 501(c)(15) was conditionally granted.

189. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 189 of the complaint.

190. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 190 of the complaint.

191. Admits only that, in 1992, plaintiff filed a Form 1024 that is dated February 26, 1992. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 191 of the complaint.

192. Denies the allegations in paragraph 192 of the complaint, which consist solely of plaintiff's characterizations of its application for tax exempt status, and avers that the application speaks for itself.

193. Denies the allegations in paragraph 193 of the complaint, which consist solely of plaintiff's characterizations of plaintiff's application for tax exempt status, and avers that the application speaks for itself.

194. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 194 of the complaint.

195-197. Denies the allegations in paragraphs 195 through 197 of the complaint, which consist solely of plaintiff's characterizations of plaintiff's application for tax exempt status, and avers that the application speaks for itself.

198-203. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 198 through 203 of the complaint.

204. Admits that plaintiff filed Form 1120-PC return for the purported tax period beginning December 1, 2001, and ending December 31, 2001, but denies the return was timely filed and denies that this purported tax period was a proper reporting period of plaintiff for federal income tax purposes. Further denies that plaintiff timely filed Form 1120-PC for all taxable years after December 31, 2001.

205. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 205 of the complaint.

206. Admits that plaintiff became the subject of an IRS audit, but avers the audit was formally initiated in 2003.

207. Admits that the issues of plaintiff's status as an insurance company for federal tax purposes and as a tax exempt insurance company under Section 510(c)(15) were considered in the audit, but otherwise denies plaintiff's characterizations of the audit.

208. Admits that the IRS audit team requested technical advice, in the form of a TAM, in connection with the audit of plaintiff. Denies plaintiff's characterizations of the reasons for requesting a TAM and the nature of the request in paragraph 208 of the complaint.

209. Admitted.

210. Admits that plaintiff requested relief under Section 7805(b) in a January 24, 2005, submission made by plaintiff in connection with the IRS's consideration of the TAM. States that paragraph 210 of the complaint otherwise expresses only legal conclusions to which no response is necessary.

211. Admits that a document titled Memorandum for Conference was prepared in connection with the request for a TAM. Denies plaintiff's characterizations of the memorandum and avers that it speaks for itself.

212. Admits that a conference of representatives of plaintiff and the IRS in connection with the request for a TAM was held in November 2005. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 212 of the complaint.

213. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 213 of the complaint.

214. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 214 of the complaint.

215. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 215 of the complaint.

216. Admits that a TAM was issued in connection with plaintiff's audit; avers the TAM in the IRS's file does not reflect the date of issuance; denies plaintiff's characterizations of the TAM in the remaining allegations in paragraph 216 of the complaint and avers that the TAM speaks for itself.

217. Denies the allegations in paragraph 217 of the complaint, including plaintiff's characterizations of the TAM and the Memorandum for Conference, which speak for themselves.

218-221. Denies plaintiff's characterizations of the TAM in paragraphs 218 through 221 of the complaint and avers that the TAM speaks for itself.

222. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 222 of the complaint.

223. Admits that the IRS issued an adverse determination letter, dated July 31, 2008, that plaintiff did not qualify as an insurance company under Section 501(c)(15) for taxable periods beginning on or after January 1, 2000. Denies plaintiff's characterizations of the adverse determination letter and avers that it speaks for itself.

224. Admitted.

225. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 225 of the complaint.

226. Admits that plaintiff submitted a letter, dated November 13, 2008, protesting the IRS's proposed adjustments and seeking administrative review and a conference with an IRS Appeals Office. States that it currently lacks knowledge or information sufficient to form a

belief about the truth of the allegations in the final sentence of paragraph 226 of the complaint, and denies the remaining allegations in paragraph 226.

227. Admits that the individuals referenced in paragraph 227 of the complaint were involved in the administrative appeal of the proposed audit adjustments of plaintiff's tax liability for the tax periods at issue. Denies plaintiff's characterizations of these individuals' experience and qualifications in paragraph 227.

228. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 228 of the complaint.

229. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 229 of the complaint, except admits that, during the administrative appeal, the IRS removed proposed adjustments for delinquency and negligence penalties against plaintiff.

230-237. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 230 through 237 of the complaint.

238. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 238 of the complaint. Admits the allegations in the second sentence of paragraph 238, except states that it currently lacks knowledge or information sufficient to form a belief about whether plaintiff received bills for the tax due or paid all assessed interest and tax for the periods at issue.

239. Restates and incorporates by reference herein its responses to paragraphs 1 through 238 of the complaint.

240. Denied.

241. Denied.

242. Denied.

243. Paragraph 243 of the complaint expresses only legal conclusions to which no response is necessary.

244. Denied.

245. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 245 of the complaint.

246. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 246 of the complaint.

247. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 247 of the complaint.

248. Denies the allegations in paragraph 248 of the complaint, except admits that plaintiff did not write new insurance policies during the purported run-off period.

249. Denied.

250. Denies the allegations in paragraph 250 of the complaint, including plaintiff's characterizations of the IRS's administrative position.

251. Denied.

252. Denied.

253. Denies the allegations in paragraph 253 of the complaint, except states that it currently lacks knowledge or information sufficient to form a belief about whether plaintiff was authorized to re-elect to be taxed as a domestic corporation effective January 1, 2002.

254. Denied.

255. Paragraph 255 of the complaint expresses only legal conclusions to which no response is necessary.

256. Paragraph 256 of the complaint expresses only legal conclusions to which no response is necessary.

257. Denied.

258. States that the first sentence of paragraph 258 of the complaint expresses only legal conclusions to which no response is necessary. Denies the allegations in the second sentence of paragraph 258.

259. Admits that plaintiff requested relief under Section 7805(b) in a submission made by plaintiff in connection with the IRS's consideration of the TAM. States that paragraph 259 of the complaint otherwise expresses only legal conclusions to which no response is necessary.

260-264. Denies plaintiff's characterizations of the TAM in paragraphs 260 through 264 of the complaint and avers that the TAM speaks for itself.

265. Denies the allegations in paragraph 265 of the complaint, including plaintiff's characterizations of the TAM, which speaks for itself.

266. Denies plaintiff's characterizations of IAT Syndicate, Inc.'s application for tax exempt status, which speaks for itself; states that whether the application was properly filed is a legal conclusion to which no response is required; and states that it currently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 266 of the complaint.

267. Admits that, in 1991, IAT Syndicate, Inc., applied for and was conditionally granted tax exempt status as an insurance company under Section 501(c)(15). Avers that the IRS's determination to grant tax exempt status was based on information supplied by plaintiff and on the assumption that plaintiff's operations would be as represented. Further avers that plaintiff was required to inform the IRS if its sources of support, its purposes, its character, or its

method of operations changed so that the IRS could evaluate the effect of the change on plaintiff's tax exempt status.

268. Denied.

269. Denied.

270. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 270 of the complaint.

271. Denied.

272. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 272 of the complaint.

273. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 273 of the complaint.

274. Denied.

275. Denied.

276. Denied.

277. Denied.

278. Admitted.

279. Paragraph 279 of the complaint expresses only legal conclusions to which no response is necessary.

280. Denied.

281. Denied.

282. Denied.

283. Restates and incorporates by reference herein its responses to paragraphs 1 through 276 of the complaint.

284. Denied.

285. Denies the allegations in paragraph 285 of the complaint, including plaintiff's characterizations of the IRS's administrative position.

286. Denied.

287. Denied.

288. Denies the allegations in paragraph 288 of the complaint, except states that it currently lacks knowledge or information sufficient to form a belief about whether plaintiff was authorized to re-elect to be taxed as a domestic corporation effective January 1, 2002.

289. Denied.

290. Paragraph 290 of the complaint expresses only legal conclusions to which no response is necessary.

291. Paragraph 291 of the complaint expresses only legal conclusions to which no response is necessary.

292. Denied.

293. Denies the allegations in paragraph 293 of the complaint and admits only that, as a result of the revocation of plaintiff's Section 953(d) election to be treated as a domestic corporation, the IRS assessed tax against plaintiff for the period ended January 31, 2001, on the gain resulting from a deemed transfer of all its property to a foreign corporation pursuant to the provisions of Section 367(a).

294. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 294 of the complaint.

295. Paragraph 295 of the complaint expresses only legal conclusions to which no response is necessary.

296. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 296 of the complaint.

297. Paragraph 297 of the complaint expresses only legal conclusions to which no response is necessary.

298. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 298 of the complaint.

299. Paragraph 299 of the complaint expresses only legal conclusions to which no response is necessary.

300. Paragraph 300 of the complaint expresses only legal conclusions to which no response is necessary.

301-304. States that it currently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 301 through 304 of the complaint.

305. Restates and incorporates by reference herein its responses to paragraphs 278 through 281 of the complaint.

306. Denied.

307. Restates and incorporates by reference herein its responses to paragraphs 1 through 276 of the complaint.

308. Denied.

309. Denies the allegations in paragraph 309 of the complaint, including plaintiff's characterizations of the IRS's administrative position.

310. Denied.

311. Denied.

312. Denies the allegations in paragraph 312 of the complaint, except states that it currently lacks knowledge or information sufficient to form a belief about whether plaintiff was authorized to re-elect to be taxed as a domestic corporation effective January 1, 2002.

313. Denied.

314. Admits that the revenue agent's audit report concluded, in an alternative position, that plaintiff was a controlled foreign corporation as a result of, among other things, the revocation of plaintiff's Section 953(d) election effective January 1, 2001.

315. States that the first sentence of paragraph 315 of the complaint expresses only legal conclusions to which no response is necessary. Denies plaintiff's characterizations of the IRS's administrative position in the second sentence of paragraph 315.

316. Denied.

317-322. Denies the allegations in paragraphs 317 through 322 of the complaint for purposes of defendant's alternative argument that plaintiff was a foreign corporation subject to tax on income effectively connected with the conduct of a trade or business within the United States, pursuant to Section 882. See paragraph 344 below.

323. Admitted.

324. Paragraph 324 of the complaint merely recites the language of a statute or expresses a legal conclusion to which no response is necessary.

325. Paragraph 325 of the complaint expresses only legal conclusions to which no response is necessary. To the extent it also makes factual allegations, defendant denies them.

326. Denied.

327. Denied.

328. Restates and incorporates by reference herein its responses to paragraphs 278 through 281 of the complaint.

329. Denied.

330. Denies the allegations in paragraph 330 of the complaint if, as plaintiff alleges in paragraph 26 of the complaint, plaintiff was authorized to re-elect to be taxed as a domestic corporation effective January 1, 2002, and was therefore subject to tax as a U.S. shareholder on Subpart F income received by SLK. See paragraph 345 below.

331. Admits that plaintiff claimed a carryover net operating loss from 2002 as a deduction on its 2003 income tax return. Denies that the claimed deduction is fully allowable if, as plaintiff alleges in paragraph 26 of the complaint, plaintiff was authorized to re-elect to be taxed as a domestic corporation effective January 1, 2002, and was therefore subject to tax as a U.S. shareholder on Subpart F income received by SLK. See paragraph 345 below.

332. Admits that one of the IRS's alternative administrative positions was as alleged in paragraph 332 of the complaint.

333. Denied.

334. Denied if, as plaintiff alleges in paragraph 26 of the complaint, plaintiff was authorized to re-elect to be taxed as a domestic corporation effective January 1, 2002, and was therefore subject to tax as a U.S. shareholder on Subpart F income received by SLK. See paragraph 345 below.

335. Denied if, as plaintiff alleges in paragraph 26 of the complaint, plaintiff was authorized to re-elect to be taxed as a domestic corporation effective January 1, 2002, and was therefore subject to tax as a U.S. shareholder on Subpart F income received by SLK. See paragraph 345 below.

336. Restates and incorporates by reference herein its responses to paragraphs 278 through 281 of the complaint.

337. Denied if, as plaintiff alleges in paragraph 26 of the complaint, plaintiff was authorized to re-elect to be taxed as a domestic corporation effective January 1, 2002, and was therefore subject to tax as a U.S. shareholder on Subpart F income received by SLK. See paragraph 345 below.

## **ADDITIONAL DEFENSES**

338. Plaintiff was not an insurance company for federal tax purposes during 2000 and 2001.

339. Plaintiff did not qualify as a tax exempt insurance company under Section 501(c)(15) during the taxable periods at issue (*i.e.*, the tax period ended December 31, 2000; the tax period ended January 31, 2001; the tax period ended December 31, 2001; and the tax period ended December 31, 2003) or for any tax period beginning after December 31, 1999.

340. Plaintiff is taxable as a domestic corporation for the tax period ended December 31, 2000, based on its prior election under Section 953(d) to be treated as a domestic corporation.

341. Plaintiff's election under Section 953(d) was properly revoked effective January 1, 2001, because plaintiff did not qualify as an insurance company for federal tax purposes during 2000 and 2001.

342. Because plaintiff's Section 953(d) election is revoked effective January 1, 2001, for purposes of Section 367 plaintiff is treated as a domestic corporation transferring all of its property to a foreign corporation on January 1, 2001, in connection with an exchange to which Section 354 applies. Pursuant to Section 367, plaintiff is required to recognize gain on the

deemed outbound transfer for the tax period ended January 31, 2001, and is subject to tax on that gain in addition to other taxable income for the tax period.

343. For the tax period ended December 31, 2001, plaintiff was a "controlled foreign corporation" as defined in Section 957, with Subpart F income that is taxable to its U.S. shareholders pursuant to the provisions of Section 951.

344. Alternatively to the defense in paragraph 343 above, for the tax period ended December 31, 2001, plaintiff was a foreign corporation engaged in a trade or business within the United States and is subject to tax on income effectively connected with the conduct of that trade or business, pursuant to Section 882.

345. For the tax periods ended December 31, 2002, and December 31, 2003, plaintiff was taxable as a domestic corporation if, as plaintiff alleges in paragraph 26 of the complaint, plaintiff was authorized to re-elect to be taxed as a domestic corporation effective January 1, 2002, and that re-election was valid. As a U.S. shareholder of SLK, a controlled foreign corporation, plaintiff would therefore be subject to tax for the tax periods ended December 31, 2002, and December 31, 2003, on its pro-rata share of Subpart F income received by SLK, pursuant to the provisions of Section 951.

346. Plaintiff is not entitled to recover any tax for the tax periods at issue the recovery of which is barred by the look-back provisions of Section 6511(b)(2).

Therefore, the complaint should be dismissed with prejudice with costs assessed against plaintiff.

Respectfully submitted,

s/ Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

KATHRYN KENEALLY
Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate
Of Counsel

September 20, 2013